Ricardo C. **Rasa** and
Teresita R. Rasa,
Plaintiffs/Appellants,
v.
**Department of Lands and Resources**,
Division of Public Lands,
Defendant/Appellee.
Appeal No. 97-012
Civil Action No. 96-0406
July 24, 1998

---

[5]   *Agulto, supra.*

[6]   Appellee's Response Brief at 2.

[7]   *Id.* at 2 and at 4.

[8]   *Id.* at 2.

Argued and Submitted April 16, 1998

Counsel for appellants: Brien Sers Nicholas, Saipan.

Counsel for appellee: Thomas E. Clifford, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, DEMAPAN, Associate Justice, and ONERHEIM, Justice Pro Tem.

TAYLOR, Chief Justice:

¶1 █ Plaintiffs/appellants, Ricardo C. Rasa and Teresita R. Rasa (the "Rasas"), appeal the Superior Court's order granting the defendant/appellee's, Department of Lands and Resources ("DPL"), motion for summary judgment. We have jurisdiction pursuant to 1 CMC §3102(a).[1] We affirm in part, and reverse in part.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2 █ The Rasas present two issues for our review:
I. Whether the Superior Court erred in granting DPL's motion for summary judgment. An order granting summary judgment is reviewed de novo. *Rios v. Marianas Pub. Land Corp.*, 3 N.M.I. 512, 518 (1993). The summary judgment shall be affirmed on appeal if we determine that as to the legal basis relied upon: (1) there is no genuine issue of material fact; and (2) the substantive law was correctly applied. *Id.*

¶3 II. Whether the Superior Court improperly disregarded the doctrine of "governmental estoppel" against DPL. This issue involves mixed questions of law and fact which is reviewable de novo. *Aquino v. Tinian Cockfighting Board*, 3 N.M.I. 284, 291 (1992).

## FACTS AND PROCEDURAL BACKGROUND

¶4 The Rasas own a certain tract of land situated in Talofofo, Saipan,[2] having acquired title to the property in 1980 through the Agricultural Homestead Program being offered by the former Trust Territory government.

¶5 On December 10, 1992, as a part of its road-widening project to what is now the Kingfisher Golf Resort in Talofofo, the government, through then Governor Lorenzo I. De Leon Guerrero, acquired and certified certain portions of the Rasas' land for exchange. Specifically, the Rasas gave the government a right-of-way over three tracts of their land for a total of 391 square meters, for public access and utility easements, which was subsequently used for the road expansion. The Rasas never received any remuneration for the 391 square meters, nor were they compensated with an exchange of public land of comparable value.

¶6 The Rasas filed this complaint seeking specific performance of a land exchange allegedly made with the government and with former Governor Guerrero. Specifically, the Rasas seek to force DPL to acquire an additional 14,485 square meters of the Rasas' homestead

---

[1] This Court also has jurisdiction pursuant to Legislative Initiative 10-3, ratified on November 1, 1997, and certified by the Board of Elections on December 16, 1997.

[2] The Rasas' land is more particularly described as Agricultural Homestead Tract No. 22675. containing an area of 49,987 square meters, more or less.

(the three tracts of 391 square meters already given and a fourth tract of 14,485 square meters) in exchange for more than ten hectares of public land. The Superior Court found that the Rasas failed to establish that there was a public purpose to acquire the 14,485 square meter tract as DPL has clearly indicated that it presently does not require all of the Rasas' land.

¶7　Because of the lack of a public purpose, the Superior Court held that DPL is not legally or equitably bound to consummate the land exchange. According to the Superior Court, such an exchange of public land for private land absent a public purpose to acquire the private land would violate: (1) Art. XIII, § 1 of the Commonwealth Constitution; (2) the Public Purpose Land Exchange Authorization Act of 1987 (2 CMC § 4141 et seq.); and (3) the fundamental public policy that public land is to be protected for the benefit of the all NMI citizens as public land is a sacred, limited asset.[3] The Rasas timely appealed.

## ANALYSIS

I.　*Did the Superior Court Err in Granting Appellee's Summary Judgment Motion?*

¶8　■ The Rasas contend that in light of the undisputed facts and relevant substantive laws applicable to this case, the Superior Court erred in granting DPL's motion for summary judgment. We agree with the Superior Court's findings that the Rasas have failed to establish that there was a public purpose to acquire their land. We find that there is no genuine issue of material fact in this appeal because of the following undisputed facts: DPL has presently indicated that it clearly does not want the Rasas' 14,485 square meter tract of land; the original report recommending acquisition of the Rasas' land has been withdrawn; the Department of Public Works ("DPW") has issued a report, along with the declaration of licensed professional engineer Andrew W. Smith, that there is no reason to acquire the land; and licensed professional engineer Elizabeth Salas-Balajadia, the former DPW director who issued the original report, has executed a declaration stating that her report was an oversight, that it should not have been issued, and that she agrees to its withdrawal.[4] Based upon the foregoing, a lack of a public purpose, and Governor Tenorio's reversing former Governor Guerrero's certification of the 14, 485 square

meters for the exchange, DPL is not now legally or equitably bound to enforce the land exchange, and therefore, "partial" summary judgment was properly entered in the government's favor.

¶9　However, the Superior Court did not address the issue of whether the Rasas had ever been compensated for granting to the government approximately three tracts totaling 391 square meters of their homestead for use in the Talofofo road-widening project. At oral arguments, both parties were ordered to submit supplemental briefing on the sole issue of whether the Rasas actually received any compensation for the 391 square meters of their property that the government acquired for the public road. After reviewing the supplemental briefing, both parties submit that the Rasas were not compensated for this tract of land. Accordingly, we remand to the Superior Court for a determination of the value of the 391 square meters and what compensation, if any, is owed to the Rasas.

II.　*Should the Superior Court Have Invoked the Doctrine of Governmental Estoppel?*

¶10　The Rasas claim that the Superior Court erred when it refused to invoke the doctrine of government estoppel in their petition for specific performance of the proposed land exchange.

¶11　■ The general rule is that estoppel is rarely applied against the government; however, estoppel may be invoked against the government in certain circumstances, such as where necessary to prevent manifest injustice.[5] Estoppel is available when the actions of the government or its representative rise to a level of "affirmative misconduct" and will not be invoked where it would defeat operation of policy adopted to protect the public.[6] Estoppel is rarely invoked for the negligence or omissions of a public official, unless the party seeking estoppel establishes affirmative misconduct beyond mere negligence.[7]

¶12　■ Here, the Rasas have presented no evidence of any affirmative misconduct on the part of the government, beyond mere negligence. The record indicated that Governor Tenorio decertified the proposed land exchange after relying upon the opinions of licensed professional engineers. This did not amount to affirmative misconduct. The Superior Court relied upon the declarations of the licensed engineers, as well as the governor's decertification, in ruling that a public purpose did not exist

---

[3]　*Rasa v. Dept. of Lands & Natural Resources, Div. of Public Lands,* Civil Action No. 96-0406 (N.M.I. Super. Ct. May 5, 1997) (Order on Defendant's Motion for Summary Judgment at 2-3) ("Order").

[4]　Order at 2.

[5]　*Aquino,* 3 N.M.I. at 296, *citing In re Blankenship,* 3 N.M.I. 209, 214 (1992).

[6]　*Blankenship,* 3 N.M.I. at 214-15 (citations omitted).

[7]　*Id.*

to consummate the proposed land exchange. We find no error in so holding.

## CONCLUSION

¶13 Based upon the reasons set forth in this opinion, we hereby **AFFIRM** in part the "partial" summary judgment in DPL's favor. However, we **REMAND** for a determination of what compensation, if any, is owed to the Rasas for the government's use of their land.

---

[1] This Court also has jurisdiction pursuant to Legislative Initiative 10-3, ratified on November 1, 1997, and certified by the Board of Elections on December 16, 1997.